UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NAUTILUS INSURANCE COMPANY,
an Arizona corporation,

    Plaintiff,

v.                                         CASE NO. 3:10-cv-00557-J-99MMH-JBT

JOSE MANUEL PEREZ FELIZ,
a Florida resident; WILLIAM KIRK
KOON, a Florida resident, d/b/a K & H
Timber; and MICHAEL THOMPSON,
a Florida resident,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Motion for Final Default Judgment ("Motion for Default Judgment") (Doc. 16) and the Stipulated Motion for Entry of Consent Judgment ("Motion for Consent Judgment") (Doc. 21) (collectively, "Motions"). Both Motions were referred to the undersigned for an appropriate resolution. (*See* Doc. 22.)

The Motion for Default Judgment was served on March 8, 2011. (Doc. 16 at 5.) To date, Defendants have not filed a response to that Motion. Therefore, the Court will treat the Motion for Default Judgment as unopposed. For the reasons stated herein, the Court will recommend that both Motions be **GRANTED** and that

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

judgment be entered in favor of Plaintiff and against Defendants.

**I.    Background**

Plaintiff Nautilus Insurance Company ("Nautilus") filed this lawsuit against Defendants Jose Manuel Perez Feliz ("Mr. Feliz"), William Kirk Koon ("Mr. Koon") d/b/a K & H Timber ("K & H"), and Michael Thompson ("Mr. Thompson"), on June 29, 2010, seeking declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  (Doc. 1.)  The Complaint alleges that Nautilus issued a commercial general liability insurance policy to Mr. Koon, which also provides coverage to Mr. Thompson for liability he may incur while acting within the course and scope of his employment with K & H.  (*Id.*)  Plaintiff alleges that the policy excludes coverage, *inter alia*, for claims made by one employee against another employee for injuries suffered on the job, for injuries to persons performing duties related to the conduct of the insured's business, and for punitive or exemplary damages.  (*Id.*)

The Complaint further alleges that Mr. Feliz sued Mr. Koon d/b/a K & H and Mr. Thompson in state court for negligence, seeking compensation for personal injuries he suffered while performing timber transport services pursuant to his contract with Mr. Koon d/b/a K & H.² (*Id.*)  Nautilus alleges that Mr. Feliz was an

---

² The state court complaint is attached to the Complaint as Exhibit B (Doc. 1-2).  It alleges that on or about November 29, 2007, defendants K & H, Mr. Koon, and Mr. Thompson breached their duty of care in a number of ways, resulting in logs of timber falling on Plaintiff, causing serious injuries.  (*Id.* at ¶ 15.)  It also alleges that punitive
(continued...)

employee of Mr. Koon d/b/a K & H at the time of his injury, as defined by the insurance policy, and Mr. Feliz was injured while performing duties related to the conduct of Mr. Koon d/b/a K & H. (*Id.*) Because Nautilus is unsure of its rights or duties under the policy, it seeks a declaration that it does not have a duty to defend and indemnify Mr. Koon d/b/a K & H and Mr. Thompson against the claims, which Nautilus is currently defending, alleged in the state court action. (*Id.*)

Plaintiff effected service of process on Mr. Koon on July 19, 2010, and on Mr. Thompson on July 23, 2010. (Docs. 5, 6.) Mr. Feliz waived service of summons on August 20, 2010 and, on October 25, 2010, he stipulated, *inter alia*, to be bound by the judgment entered in this case. (Docs. 8, 9.) On April 4, 2011, Mr. Feliz and Nautilus filed their Motion for Consent Judgment, which is presently before the Court.

As Mr. Koon and Mr. Thompson failed to appear in the case, Nautilus filed a Verified Motion for Default on December 14, 2010. (Doc. 12.) The Clerk of Court entered a default against Mr. Koon and Mr. Thompson on December 16, 2010. (Doc. 13.) Nautilus then filed the Motion for Default Judgment, which is presently before the Court, against Mr. Koon and Mr. Thompson on March 8, 2011. (Doc. 16.)

**II.   Motion for Consent Judgment**

In the Motion for Consent Judgment, Nautilus and Mr. Feliz "stipulate and

---

²(...continued)
damages would be pled at a later date. (*Id.* at ¶ 17.)

agree to the entry of a consent judgment in favor of [Nautilus] and against [Mr. Feliz] and finding that [Nautilus] owes no duty to defend or indemnify the claims made against [Mr. Koon] d/b/a [K & H], and [Mr. Thompson] in the lawsuit brought against them by [Mr. Feliz]." (Doc. 21.) A proposed consent judgment was provided to the Court via e-mail. Upon consideration, the Court finds it appropriate to recommend that the Motion for Consent Judgment be granted and the proposed consent judgment approved.

### III. Motion for Default Judgment

#### A. Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the court can enter a default judgment against the defendant for not appearing. *See* Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction

4

over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Costr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

5

However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 129 S. Ct. at 1949, 1951. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu*, 515 F.2d at 1206.

### B. Discussion

Upon review of the Complaint, the Court finds that a sufficient factual basis exists for a default judgment to be entered. First, the Complaint sufficiently alleges that the Court has jurisdiction over this action. (*See* Doc. 1, ¶¶ 1-4.) Further, the Complaint adequately states a demand for relief. (*Id.* at ¶¶ 1, 25.) Moreover, the Complaint adequately states a claim for which relief may be granted. It sets forth the exclusions from coverage under the commercial general liability insurance policy issued to Mr. Koon d/b/a K & H, and provides sufficient factual allegations showing that the underlying injury is not covered by the policy issued by Nautilus.

Specifically, the Complaint alleges that Mr. Feliz brought an action against Mr. Koon d/b/a K & H and Mr. Thompson for injuries he suffered while performing timber transport services pursuant to his contract with Mr. Koon d/b/a K & H, that Mr. Feliz

6

was an employee of Mr. Koon d/b/a K & H at the time of the injury, and that the duties he performed related to the conduct of Mr. Koon d/b/a K & H. The Complaint then cites to the language of the policy, which provides that the "insurance does not apply to: . . . '[b]odily injury' to: (1) [a]n 'employee' of the insured arising out of and in the course of: (a) [e]mployment by the insured; or (b) [p]erforming duties related to the conduct of the insured's business." (*Id.* at ¶ 13.) The policy also provides that an employee includes: "a leased worker, a temporary worker, a volunteer worker, a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor." (*Id.* (internal quotation marks omitted).)

In light of these allegations, which are assumed to be true, the Court finds that the Complaint sufficiently "raise[s] a right to relief above the speculative level." Nautilus has established a claim for declaratory relief and, therefore, it is entitled to a default judgment.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motions (**Docs. 16 & 21**) be **GRANTED**.

2. The Clerk of Court be directed to:

    a. Enter judgment in favor of Plaintiff Nautilus Insurance Company and against Defendants Jose Manuel Perez Feliz, William Kirk Koon d/b/a K & H Timber, and Michael Thompson, declaring that Nautilus Insurance Company owes

no duty to defend or indemnify the claims made against William Kirk Koon d/b/a K & H Timber and Michael Thompson in the lawsuit brought against them by Jose Manuel Perez Feliz;[3] and

  b. Terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on April 8, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Any Unrepresented Party

Counsel of Record

---

[3] The Motion for Default Judgment does not request a judgment against K & H Timber, Inc., and K & H Timber, Inc. was not named as a party in the Complaint.

8