UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NAUTILUS INSURANCE COMPANY,
an Arizona corporation,

        Plaintiff,

v.                                CASE NO. 3:10-cv-557-J-34JBT

JOSE MANUEL PEREZ FELIZ,
a Florida resident; WILLIAM KIRK
KOON, a Florida resident, d/b/a K & H
Timber; and MICHAEL THOMPSON,
a Florida resident,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

    **THIS CAUSE** is before the Court on the Motion for Final Default Judgment

("Motion for Default Judgment") (Doc. 16) and the Stipulated Motion for Entry of

Consent Judgment ("Motion for Consent Judgment") (Doc. 21) (collectively,

"Motions").[2]   Both Motions were referred to the undersigned for an appropriate

resolution.  (*See* Doc. 22.)  On May 10, 2011 and June 15, 2011, the Court took the

---

    [1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

    [2] The Motion for Default Judgment was served on March 8, 2011.  (Doc. 16 at 5.) To date, Defendants have not filed a response to that Motion.  Therefore, the Court will treat the Motion for Default Judgment as unopposed.

Motions under advisement and ordered Plaintiff to comply with the requirements of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App'x § 501 *et seq.* (Docs. 25 & 27), which Plaintiff has done (*see* Doc. 28).  Plaintiff has also complied with the Court's July 18, 2011 Order, which allowed Plaintiff to supplement its Motion for Default Judgment to address the issue of competence of the individual Defendants against whom default judgment is sought.  (Docs. 29 & 30.)  For the reasons stated herein, the Court will recommend that the Motions be **GRANTED** and that judgment be entered in favor of Plaintiff and against Defendants.

## I.    Background

Plaintiff Nautilus Insurance Company ("Nautilus") filed this lawsuit against Defendants Jose Manuel Perez Feliz ("Mr. Feliz"), William Kirk Koon ("Mr. Koon") d/b/a K & H Timber ("K & H"), and Michael Thompson ("Mr. Thompson"), on June 29, 2010, seeking declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  (Doc. 1.)  The Complaint alleges that Nautilus issued a commercial general liability insurance policy to Mr. Koon, which also provides coverage to Mr. Thompson for liability he may incur while acting within the course and scope of his employment with K & H.  (*Id.*)  Plaintiff alleges that the policy excludes coverage, *inter alia*, for claims made by one employee against another employee for injuries suffered on the job, for injuries to persons performing duties related to the conduct of the insured's business, and for punitive or exemplary damages.  (*Id.*)

2

The Complaint further alleges that Mr. Feliz sued Mr. Koon d/b/a K & H and Mr. Thompson in state court for negligence, seeking compensation for personal injuries he suffered while performing timber transport services pursuant to his contract with Mr. Koon d/b/a K & H.[3]  (*Id.*)  Nautilus alleges that Mr. Feliz was an employee of Mr. Koon d/b/a K & H at the time of his injury, as defined by the insurance policy, and Mr. Feliz was injured while performing duties related to the conduct of Mr. Koon d/b/a K & H.  (*Id.*)  Because Nautilus is unsure of its rights or duties under the policy, it seeks a declaration that it does not have a duty to defend and indemnify Mr. Koon d/b/a K & H and Mr. Thompson against the claims, which Nautilus is currently defending, alleged in the state court action.  (*Id.*)

Plaintiff effected service of process on Mr. Koon on July 19, 2010, and on Mr. Thompson on July 23, 2010.  (Docs. 5 & 6.)  Mr. Feliz waived service of summons on August 20, 2010 and, on October 25, 2010, he stipulated, *inter alia*, to be bound by the judgment entered in this case.  (Docs. 8 & 9.)  On April 4, 2011, Mr. Feliz and Nautilus filed their Motion for Consent Judgment, which is presently before the Court.

---

[3] The complaint in the state court case is attached to the Complaint as Exhibit B (Doc. 1-2).  The exhibit shows that Jose Manuel Perez Feliz filed his complaint against K & H Timber, Inc., a corporation doing business in Florida, William Kirk Koon, in his individual capacity, and Michael Thompson, individually, in the Circuit Court of the Third Judicial Circuit in and for Suwannee County, Florida, Case No. 10-49-CA.  (*See id.*)  The state court complaint alleges that on or about November 29, 2007, defendants K & H, Mr. Koon, and Mr. Thompson breached their duty of care in a number of ways, resulting in logs of timber falling on Plaintiff, causing serious injuries.  (*Id.* at ¶ 15.)  It also alleges that punitive damages would be pled at a later date.  (*Id.* at ¶ 17.)

As Mr. Koon and Mr. Thompson failed to appear in the case, Nautilus filed a Verified Motion for Default on December 14, 2010.  (Doc. 12.)  The Clerk of Court entered a default against Mr. Koon and Mr. Thompson on December 16, 2010. (Doc. 13.)  Nautilus then filed the Motion for Default Judgment, which is presently before the Court, against Mr. Koon and Mr. Thompson on March 8, 2011.  (Doc. 16.)

## II.    Motion for Consent Judgment

In the Motion for Consent Judgment, Nautilus and Mr. Feliz "stipulate and agree to the entry of a consent judgment in favor of [Nautilus] and against [Mr. Feliz] and finding that [Nautilus] owes no duty to defend or indemnify the claims made against [Mr. Koon] d/b/a [K & H], and [Mr. Thompson] in the lawsuit brought against them by [Mr. Feliz]."  (Doc. 21.)  A proposed consent judgment was provided to the Court via e-mail.  Upon consideration, the Court finds it appropriate to recommend that the Motion for Consent Judgment be granted and the proposed consent judgment approved.

## III.    Motion for Default Judgment

### A.    Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited

4

circumstances when application may be made to the clerk. *See* Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person" and "[a] default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b).[4] A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Costr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206.

---

[4] In its Order, dated July 18, 2011, the Court raised the issue of competence *sua sponte* and allowed Plaintiff to supplement its Motion for Default Judgment. (Doc. 29.) Based on Plaintiff's Verified Response to the Court's Order of July 18, 2010 (Doc. 30), the Court is satisfied that appointment of a guardian or other fiduciary is not necessary prior to entering default judgment against Mr. Koon and Mr. Thompson pursuant to Rule 55(b).

A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.   *See* Fed. R. Civ. P. 8(a).   A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 129 S. Ct. at 1949, 1951. Thus, in ruling on a motion

for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered.  *See Nishimatsu*, 515 F.2d at 1206.

## B.    Compliance with the SCRA

When a plaintiff seeks the entry of a default judgment against an individual defendant, the plaintiff must also comply with § 521 of the SCRA, which requires, *inter alia*, the filing of an affidavit by the plaintiff:

> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. App'x § 521(b)(1).

Here, Nautilus has shown compliance with § 521 of the SCRA by filing a Non-Military Affidavit signed by Plaintiff's attorney, which states that Mr. Thompson and Mr. Koon, the individual Defendants against whom Plaintiff seeks the entry of a default judgment, are not in military service.  (Doc. 28-1 at 1-2.)  This Affidavit also shows necessary facts in support thereof, including: a statement from Deborah Drylie, attorney for Mr. Thompson and Mr. Koon in the related state court action, that these two Defendants are not in military service or on active duty status; "research through a number of sources including Auto Track" performed by Plaintiff's attorney's office, which "did not identify either Defendant as being in the military or as being on active duty status"; and a search of the Department of Defense Manpower Data

Base, which did "not contain any information indicating Mr. Koon's military status." (*Id.*)  In addition, Plaintiff has filed a Non-Military Affidavit signed by Ms. Drylie, which provides that her client, Mr. Thompson, advised her that "neither he nor [Mr. Koon] are members of the military and that neither he nor [Mr. Koon] are on active duty status." (*Id.* at 4.)  The Court finds that by filing these two Non-Military Affidavits, one of which was signed by an attorney representing these two Defendants in the related state court action, Nautilus has sufficiently complied with § 521 of the SCRA.

## C.   Discussion

Upon review of the Complaint, the Court finds that a sufficient factual basis exists for a default judgment to be entered.  First, the Complaint sufficiently alleges that the Court has jurisdiction over this action.[5]  (*See* Doc. 1, ¶¶ 1-4.)  It also shows a "case of actual controversy" within the Court's jurisdiction.  28 U.S.C. § 2201(a). Further, the Complaint adequately states a demand for relief.  (*Id.* at ¶¶ 1, 25.) Moreover, the Complaint adequately states a claim for which relief may be granted. It sets forth the exclusions from coverage under the commercial general liability insurance policy issued to Mr. Koon d/b/a K & H, and provides sufficient factual allegations showing that the underlying injury is not covered by the policy issued by Nautilus.

Specifically, the Complaint alleges that Mr. Feliz brought an action against Mr.

---

[5] The Court notes, however, that the Complaint cites to the wrong statutes.  (See Doc. 1, ¶¶ 1 (citing to 28 U.S.C. § 2291 instead of 28 U.S.C. § 2201), 3 (citing to 28 U.S.C. § 1333 instead of 28 U.S.C. § 1332).)

Koon d/b/a K & H and Mr. Thompson for injuries he suffered while performing timber transport services pursuant to his contract with Mr. Koon d/b/a K & H, that Mr. Feliz was an employee of Mr. Koon d/b/a K & H at the time of the injury, and that the duties he performed related to the conduct of Mr. Koon d/b/a K & H.  The Complaint then cites to the language of the policy, which provides that the "insurance does not apply to: . . . '[b]odily injury' to: (1) [a]n 'employee' of the insured arising out of and in the course of: (a) [e]mployment by the insured; or (b) [p]erforming duties related to the conduct of the insured's business."  (*Id.* at ¶ 13.)  The policy also provides that an employee includes: "a leased worker, a temporary worker, a volunteer worker, a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor."  (*Id.* (internal quotation marks omitted).)

In light of these allegations, which are assumed to be true, the Court finds that the Complaint sufficiently "raise[s] a right to [declaratory] relief above the speculative level."  In addition, the Court has already determined that Nautilus has sufficiently complied with § 521 of the SCRA.  Further, Plaintiff has shown that the individual Defendants are not minors and there is no reason to believe they are incompetent persons.  (*See* Doc. 28-1 at 2; Doc. 30.)  Therefore, Nautilus is entitled to a default judgment in its favor.

Accordingly, it is respectfully **RECOMMENDED** that:

9

1.   The Motions (**Docs. 16 & 21**) be **GRANTED**.

2.   The Clerk of Court be directed to:

a.   Enter judgment in favor of Plaintiff Nautilus Insurance Company and against Defendants Jose Manuel Perez Feliz, William Kirk Koon d/b/a K & H Timber, and Michael Thompson, declaring that Nautilus Insurance Company owes no duty to defend or indemnify the claims made against William Kirk Koon d/b/a K & H Timber and Michael Thompson in the lawsuit brought against them by Jose Manuel Perez Feliz[6]; and

b.   Terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 3, 2011.

_Joel B. Toomey_
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

William Kirk Koon
209 S.W. Morning Glory Dr.
Lake City, FL 32024

---

[6] The Motion for Default Judgment does not request a judgment against K & H Timber, Inc., and K & H Timber, Inc. was not named as a party in the Complaint.

10

William Kirk Koon
c/o Deborah Drylie
Carter & Drylie
4719 NW 53rd Ave Ste A
Gainesville, Florida 32606-4356

Michael Thompson
1344 S.W. County Road 778
Fort White, FL 32038-5121

Michael Thompson
c/o Deborah Drylie
Carter & Drylie
4719 NW 53rd Ave Ste A
Gainesville, Florida 32606-4356